IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
**Civil Action No.** 4:20-cv-00160-D

| | |
|---|---|
| **PHILLIP K. DOUGHTIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **SARA LEE FROZEN BAKERY, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL OF CLAIMS WITH PREJUDICE**

**I.   BACKGROUND**

Plaintiff Phillip K. Doughtie ("Plaintiff") became an employee of Defendant Sara Lee Frozen Bakery, LLC ("Defendant") performing Plant IT Support services in or about July 2018. On January 23, 2020, Plaintiff's employment with Defendant was terminated and Defendant offered Plaintiff a Separation and Release Agreement. Plaintiff hired attorney Raymond E. Dunn, Jr. and the law firm Dunn, Pittman, Skinner & Cushman, PLLC to review the Separation and Release Agreement. Plaintiff subsequently alleged that Defendant failed to pay Plaintiff (i) overtime compensation under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*. (the "FLSA"), (ii) accrued unused vacation, paid time off, and compensatory time allegedly required to be paid out at termination under the North Carolina Wage and Hour Act ("WHA"), N.C. Gen. Stat. § 95-25.1, et seq., and, (iii) bonus compensation as allegedly required by the WHA. In addition,

Plaintiff alleged that the Company discriminated against him and unlawfully terminated his employment in violation of the Americans with Disabilities Act (ADA), 42 *U.S.C.* § 12101, *et seq.*, and the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621, *et seq.*

Between February 2020 and June 2020, Plaintiff (represented by counsel) and Defendant negotiated to resolve the claims Plaintiff has or may have against Defendant. There is a *bona fide* dispute between the Parties as to (i) whether Plaintiff was properly classified as exempt from overtime requirements; and (ii) the number of hours Plaintiff worked each week in which a violation is claimed. The Parties have reached a mutually agreeable compromise on the number of hours Plaintiff worked each week in which a violation is claimed and have reached a settlement to resolve this action and Plaintiff's claims. (See Fair Labor Standards Settlement Agreement attached as Exhibit 1).[1] Through the instant motion, the Parties now seek the Court's approval of the Fair Labor Standards Settlement Agreement.[2]

## II. ARGUMENT

### A. LEGAL STANDARD

Claims for unpaid wages under the FLSA may only be settled with the approval of the District Court or the Secretary of Labor. *Morris v. Cumberland Cty. Hosp. Sys., Inc.*, 2014 WL 12780144, at *1 (E.D.N.C. Mar. 26, 2014). In order for a court to approve an FLSA settlement, "the court must determine if the settlement is a 'fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA.'" *DeHoll v.*

---

[1] Exhibits A and B attached to the Fair Labor Standards Settlement Agreement consist of a draft of the Stipulated Complaint (D.E. 1) which was designated as Exhibit A and the agreed upon Joint Motion (D.E. 10), this Joint Memorandum, and a Proposed Order which were designated as Exhibit B. Exhibits A and B are available if required, but not filed in the interest of brevity.

[2] The Parties also have agreed to settle all of the Plaintiff's other claims, including without limitation, Plaintiff's claims for accrued unused vacation, paid time off, and compensatory time allegedly required to be paid out at termination under the WHA, (iii) bonus compensation as allegedly required by the WHA, (iv) disability discrimination under the ADA, and age discrimination under the ADEA. The settlement of these additional claims does not require Court approval.

*Eckerd Corp.*, 2019 WL 3337121, at *1 (M.D.N.C. July 25, 2019) (citing cases).

The Court must first determine whether a bona fide dispute exists. *Id.* A bona fide dispute is one in which "there is some doubt whether the plaintiff would success on the merits at trial." *Id.* Next, the Court determines whether the settlement is fair and reasonable. *Id.* at *2. While the Fourth Circuit has not directly addressed the factors the court should consider when analyzing whether an FLSA settlement is fair and reasonable, district courts within the Fourth Circuit generally look to the fairness factors under Fed. R. Civ. P. 23(e), including "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits and (6) the amount of the settlement in relation to the potential recovery." *Id.* (citing cases); *In re Dollar Gen. Stores FLSA Litig.*, 2011 WL 3904609, at *2 (E.D.N.C. Aug. 23, 2011) (Mag. J., Memorandum and Recommendation), *adopted by Basnight v. Dolgencorp, Inc.*, 2011 WL 3841658, at *1 (E.D.N.C. Aug. 30, 2011).

There is a strong presumption in favor of finding a settlement fair. *See e.g.*, DeHoll, 2019 WL 3337121, at *2; *Morris v. Cumberland Cty. Hosp. Sys., Inc.*, 2014 WL 12780144, at *1 (E.D.N.C. Mar. 26, 2014).

### B.  APPROVAL OF THE SETTLEMENT IS WARRANTED

In the instant case, there is a bona fide dispute as to (i) whether Plaintiff was properly classified as exempt from overtime requirements, and (ii) the number of hours that Plaintiff worked each week in which an alleged violation of the FLSA and WHA occurred. In contemplation of the cost, time, and uncertainty associated with litigation, the Parties have reached a mutually agreeable settlement that is the result of a compromise between the Parties

3

and is based on substantial factual investigation and legal analysis. All factors support a finding that the settlement reached is fair and reasonable.

1. **The Extent of Discovery that has Taken Place**

While the Parties have not engaged in formal discovery, the Parties have exchanged considerable information over the course of seven months of negotiations. Among other personnel information, the Parties have exchanged substantial amounts of information regarding Plaintiff's job duties, the number of hours worked by Plaintiff, and the compensation Plaintiff has received.

2. **The Stage of the Proceedings**

This matter is in the early stages of litigation, but the Parties have been working on this dispute for the past seven months. After months of exchanging information and engaging in negotiations, the Parties have concluded that this settlement would be the best use of the Parties' and this Court's resources. Engaging in motion practice, formal discovery, and trial preparation would require substantial additional time and resources not warranted based on the Parties' evaluation of the strengths and weaknesses of their respective cases and the amount of potential damages.

3. **The Absence of Fraud or Collusion in the Settlement**

At all times during the course of settlement negotiations, Plaintiff was represented by experienced and dedicated counsel. The Parties agree that there is no evidence of fraud or collusion, and in the absence of evidence to the contrary, there is a presumption that no fraud or collusion occurred. *DeHoll*, 2019 WL 3337121, at *2 (citation omitted).

4. **The Experience of Plaintiff's Counsel**

Plaintiff's counsel has extensive experience in all aspects of employment law, including

litigating wage and hour claims. Plaintiff's counsel is a seasoned trial lawyer who has brought more than 150 jury trials to verdict in both state and federal courts in Eastern North Carolina.

### 5. The Probability of Plaintiff's Success on the Merits

The Parties disagree as to whether Plaintiff was properly classified as exempt from overtime requirements set forth in the FLSA and the WHA. There is no dispute that Plaintiff's salary basis and salary level requirements to qualify as exempt under the administrative and executive exemptions. The dispute centers around whether Plaintiff's duties were sufficient to qualify him for those exemptions. Plaintiff has alleged that he did not exercise enough discretion regarding matters of significance to be exempt. Defendant disagrees and asserts that Plaintiff's duties as the highest-ranking Information Technology employee at the facility, including managing the entire plant-based IT system, involved myriad duties that qualified him as exempt under both the administrative and executive exemptions. Defendant contends that Plaintiff's duties included, *inter alia*, (i) hiring and firing workers without supervisor approval, (i) supervising, directing, and evaluating the work of workers, (iii) making disciplinary decisions, (iv) negotiating contracts on behalf of Defendant, (v) setting his own work schedule, and (vi) unilaterally creating company policies and procedures. Plaintiff disagrees with Defendant's contentions and asserts that (i) he was the only IT employee at Defendant's plant in Tarboro, NC, (ii) he did not have authority to hire or fire Defendant's employees, (iii) he did not have authority to make disciplinary decisions, (iv) he did not negotiate contracts on behalf of Defendant, (v) he did not set his own schedule, and (vi) he did not unilaterally create company policies and procedures. There exist a number of significant factual disputes between the parties. Defendant contends that it has a substantial potential for success on its defenses. Plaintiff disagrees.

The Parties also disagree as to the number of hours Plaintiff worked each week in which

an alleged violation of the FLSA and WHA occurred. Plaintiff contends the he worked more than 60 hours per week during the relevant time period. Defendant disagrees and asserts that Plaintiff generally worked 40 hours per week, as demonstrated by his work schedule and records of Plaintiff entering and exiting the facility. Plaintiff, however, alleges he worked outside of normal work hours and while away from the facility. Determining how many, if any, hours worked outside of the facility will require a lengthy and costly review of electronically-stored information.

**6.     The Amount of the Settlement in Relation to the Potential Recovery**

After months of negotiations, the Parties reached a settlement of Plaintiff's FLSA claims in the amount of twenty thousand dollars ($20,000) plus payment of Plaintiff's costs and attorneys' fees, which the Parties believe to be a fair settlement given the facts and law of the case. Plaintiff alleges that he worked more than 60 hours during each of the 81 weeks in which the alleged violations of the FLSA and WHA occurred. Alternatively, Defendant contends that Plaintiff worked 40 hours per week on average during each of the 81 weeks in which alleged violations occurred. The settlement amount reflects a compromise between the Parties' that (1) Plaintiff worked 50 hours on average each week, and (2) Plaintiff has a fifty percent (50%) chance of success on the merits.

An FLSA settlement was approved for similar reasons in *DeHoll v. Eckerd Corp.*, 2019 WL 3337121, at *3 (M.D.N.C. July 25, 2019). The parties in *DeHoll* had not engaged in extensive discovery, but had obtained sufficient information to conclude that settlement was in the parties' best interests. *Id.* at *2. In *DeHoll*, settlement of overtime claims was approved because settlement would help the plaintiff avoid the risk of an unfavorable outcome in the litigation. *Id.* at *3. The settlement amount -- which represented approximately thirty-eight percent of the plaintiff's "best-

6

Case 4:20-cv-00160-D     Document 11     Filed 09/11/20     Page 6 of 9

case scenario" amount -- was deemed fair by both parties in light of their negotiations. *Id.* at *3.

Likewise, a $25,000 FLSA settlement was approved in *Morris v. Cumberland Cty. Hosp. Sys., Inc.*, 2014 WL 12780144, at *2 (E.D.N.C. Mar. 26, 2014). *Morris* involved a physician's assistant who alleged that he should have been eligible for and paid overtime, but there was a bona fide dispute as to plaintiff's classification as exempt or nonexempt. *Id.* The court found that $25,000 was a fair settlement and accounted for the plaintiff's "potential, but far from certain, success on his basic FLSA claim." Moreover, the court found that the parties reached a "stage sufficient to permit the [p]arties and their counsel to obtain and review evidence, to evaluate their claims and defenses to engage in an informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial." *Id.*(citing *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955, at *11 (E.D. Va. Sept. 28, 2009)).

### III. CONCLUSION

WHERFORE, the Parties respectfully request that the Court approve the settlement and enter an Order dismissing the instant action *with prejudice*. A proposed order is attached as Exhibit 2.

Respectfully submitted, this 11th day of September, 2020.

                                          */s/ Emory D. Moore, Jr.*
                                          Emory D. Moore, Jr.
                                          McDermott Will & Emery LLP
                                          444 West Lake St., Suite 4000
                                          Chicago, IL 60606
                                          Tel: 312.984.6944
                                          emoore@mwe.com
                                          Illinois Bar. No. 6330862
                                          Attorney for Defendant

>*/s/ Jennifer B. Routh*
>Jennifer B. Routh
>McDermott Will & Emery LLP
>500 North Capitol Street, NW
>Washington, D.C. 20001
>Tel: 202.756.8165/Fax: 202.756.8087
>jrouth@mwe.com
>North Carolina Bar. No. 47146
>Local Civil Rule 83.1(d) Counsel for Defendant

DUNN, PITTMAN, SKINNER & CUSHMAN, PLLC

>*/s/ Raymond E. Dunn, Jr.*
>Raymond E. Dunn, Jr.
>3230 Country Club Road/P.O. Drawer 1389
>New Bern, North Carolina 28562
>Tel: 252.633.3800/Fax: 252.633.6669
>rdunn@dunnpittman.com
>North Carolina Bar No. 8739
>Counsel for Plaintiff


>*/s/ Charles J. Cushman*
>Charles J. Cushman
>3230 Country Club Road/P.O. Drawer 1389
>New Bern, North Carolina 28562
>Tel: 252.633.3800/Fax: 252.633.6669
>ccushman@dunnpittman.com
>North Carolina Bar No. 36170
>Counsel for Plaintiff

8

CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Emory D. Moore, Jr.
> McDermott Will & Emery LLP
> 444 West Lake St., Suite 4000
> Chicago, IL 60606
> emoore@mwe.com
> Illinois Bar. No. 6330862
> Attorney for Defendant
>
> Jennifer B. Routh
> McDermott Will & Emery LLP
> 500 North Capitol Street, NW
> Washington, D.C. 20001
> jrouth@mwe.com
> North Carolina Bar. No. 47146
> Local Civil Rule 83.1(d) Counsel for Defendant

This the 11th day of September, 2020.

> DUNN, PITTMAN, SKINNER & CUSHMAN, PLLC
>
> */s/ Raymond E. Dunn, Jr.* _____
> Raymond E. Dunn, Jr.
> 3230 Country Club Road/P.O. Drawer 1389
> New Bern, North Carolina 28562
> Tel: 252.633.3800/Fax: 252.633.6669
> rdunn@dunnpittman.com
> North Carolina Bar No. 8739
> Counsel for Plaintiff

9